UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                     Plaintiff,<br><br>v.<br><br>JULIO SERRANO SILVA,<br><br>                                     Defendant. | Case No.:  20cr310-CAB<br><br>**Order Denying Motion for Revocation of Detention Order**<br>**[Doc. No. 38]** |

Before the Court is defendant Julio Serrano Silva's motion for review and revocation of the order of detention in his case.  [Doc. No. 38.]  Government opposed the motion. [Doc. No. 40.] The Court finds the motion suitable for determination without further hearing, on the papers submitted by the parties which set forth their respective positions. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir., April 30, 2020).  For the reasons set forth below, the motion is DENIED.

## I.      Background

On August 8, 2018, members of the U.S. Marshal Fugitive Task Force arrived at an address associated with defendant Serrano to arrest him on an active felony warrant for violation of California Penal Code 69, Obstructing or Resisting an Executive Officer. Officers allegedly had to make forcible entry into the residence to intercept Serrano who was noncompliant and verbally belligerent while being taken into custody.  While being placed into the transport vehicle by Officer Davis, it is alleged Serrano kicked at the officer

several times and made contact with the officer's right forearm.  Serrano contended, post-*Miranda*, that the contact was accidental and apologized.  A complaint against Serrano for violation of 18 U.S.C. § 111(a)(1), assaulting, resisting or impeding Federal Officers, was filed on August 9, 2018. [Doc. No. 1.]  Serrano was not taken into federal custody at that time as he went into state custody for the state violation that gave rise to the August 8, 2018 arrest.

On January 22, 2020, the grand jury issued an indictment charging Serrano with the violation of 18 U.S.C. § 111(a)(1).  [Doc. No. 12.]  A writ issued to bring the defendant over from state custody [Doc No. 8] and at his initial appearance on January 23, 2020 the government moved for the defendant's detention based on risk of flight and safety of the community. [Doc. No. 15.]    After a hearing on the government's motion on January 29, 2020, and considering the 18 U.S.C. § 3142(g) factors, the United States magistrate judge found that no conditions or combination of conditions could be set that would reasonably assure the defendant's appearance in court or the safety of the community and ordered him detained.  [Doc. No.  17.]  In his evaluation of the factors the magistrate judge applied the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(2), mistakenly finding the charge against Serrano qualified as a crime of violence and concluding that Serrano did not rebut the presumption that he is a flight risk and danger to the community.

On May 1, 2020, defendant filed a motion for reconsideration of the order of detention. [Doc. No. 29.] The issue of the erroneous application of the presumption favoring detention was not raised by defendant, rather the motion focused on the interim development of the COVID-19 virus pandemic which the defendant contended needed to be considered as a factor.  The defendant represented that he has a heightened risk for serious complications should he contract the virus in custody due to a history of childhood asthma and a recent Hepatitis C diagnosis.  The government opposed. [Doc. No. 30.]

The magistrate judge held a hearing on May 27, 2020, and denied the defendant's request for bond, still applying the rebuttable presumption. [Doc. No. 35.]  The magistrate judge issued an amended order of detention, supplementing his findings regarding the

defendant's extensive criminal history of felonies and numerous misdemeanors committed while on pretrial release or parole, failures to appear, probation revocations, and a protective order protecting the mother of the defendant's children. The court also found the defendant lacked stable employment and financial resources, and has a history of alcohol or substance abuse.

On May 19, 2020, defendant filed the instant motion for review and revocation of the detention order, pursuant to 18 U.S.C, § 3145(b) (if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.)   [Doc. No. 38.] The government again opposed. [Doc. No. 40.] The Court considers *de novo* the defendant's request for revocation of his detention order. *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990).

## II.   Discussion

The charge against the defendant does not give rise to the rebuttal presumption favoring detention. Thus the government must establish risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence, such that no condition or combination of conditions could be set that would reasonably assure the defendant's appearance in court or the safety of the community. 18 U.S.C. § 3142(f). The Court must consider the factors set forth in 18 U.S.C. § 3142(g) based on available information.

### A. § 3142(g) Factors Applied to Defendant Serrano

The factual findings on the § 3142(g) factors of the magistrate judge are unchallenged, so the Court will only summarize them here.

#### 1.  Nature and Seriousness of the Offense

The defendant is charged with assaulting a federal officer while being taken into custody to effectuate an outstanding state warrant for a violation arising from an assault on a police officer.

### 2.  Weight of the Evidence against the Defendant

The weight of the evidence against the defendant is strong, however, this is "the least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### 3.  Defendant's History and Characteristics

#### a.  Character

The defendant is a 29-year old United States citizen.  He has an almost decade long history of offenses involving violence, alcohol or substance abuse, and resisting arrest.

#### b.  Family and community ties

The defendant has close family ties in the San Diego area including his father, brother and two children.  These relationships have not however demonstrable kept him in compliance with the law.

#### a.  Physical and mental condition

The defendant is a young man with a history of childhood asthma and a recent diagnosis of Hepatitis C.[1]  While incarcerated the defendant contends he faces an increased risk of exposure to the COVID-19 virus and potentially severe complications due to this health history.  The Court recognizes that the COVID-19 pandemic presents significant and unprecedented public health concerns, and the challenges that exist in containing the virus in detention facilities are serious considerations.  Current recommendations to attempt to contain the spread of the virus, such as social distancing, frequent hand washing and wearing a face mask are difficult to practice in detention facilities.  These challenges however do not require that all pretrial detainees be released on bond without consideration of the other § 3142(g) factors.  Even accepting that this defendant's physical condition may

---

[1] The Government notes these health conditions are unverified, however the Court will accept that the defendant is accurately representing his personal medical history.

potentially increase his risk for serious complications if he were to contract the virus,[2] that alone does not overcome the other factors that weigh against the defendant.

### b.  Employment and Financial Resources

The defendant is unemployed and has no financial resources. [Doc. No. 24.]  He also represents that his family is struggling financially and could not post a cash deposit for him.

### c.  Length of Residence

The defendant is a life-long resident of San Diego.

### d.  Drug or Alcohol Abuse

The defendant has a history of drug and/or alcohol issues that includes driving under the influence and hit and run with property damage.

### e.  Criminal History, Past Conduct and Failures to Appear

The defendant has a lengthy criminal history including violent felonies, with multiple violations of parole, pretrial and probation conditions.  He has at least two failures to appear and 17 probation revocations.

### 4.  Nature and Seriousness of the Danger to Community

The government moved for detention based on risk of flight and danger to the community.  The nature of the defendant's criminal history, the instant offense and his repeated disrespect for authority and the law evidence that this defendant poses a danger to the community.

### B. No New Factual Issues are Presented

The defendant raises no new factual issues in his motion for revocation of the order of detention.  Applying the correct burden, having considered and weighed all the factors,

---

[2] For every example the defendant references in support of his argument for release, the government can present a case that goes the other way.  Inevitably each defendant must be considered individually, including medical risk factors (which are often complex), the conditions at the facility holding the defendant (not national statistics or conditions at unrelated facilities), the defendant's personal history and characteristics, and charge involved.

1   including the issues raised by the COVID-19 virus and the defendant's health, the Court

2   finds there is clear and convincing evidence to detain the defendant as no condition or

3   combination of conditions will reasonably assure the safety of the community.

4        Defendant's request is DENIED without prejudice.

5        IT IS SO ORDERED.

6   Dated:  May 21, 2020

7

8             Hon. Cathy Ann Bencivengo
          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20cr310-CAB